# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephen Westbrook, # 164334, ) | Civil Action No. 9:08-3926-PMD |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Richard Bazzle, Stephen Claytor, ) | **ORDER** |
| NFN Lynch, Florence Mauney, Adam ) | |
| Meredith, J. Randall, Harold Simuel, ) | |
| David Tatarsky, Collen Tebo, R.L. Turner, ) | |
| Robert E. Ward, and Michael Williams, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court upon Plaintiff Stephen Westbrook's ("Plaintiff") objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommends the court grant Defendants' motion for summary judgment. Having reviewed the entire record, including Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this order.

## BACKGROUND

Plaintiff, an inmate of the South Carolina Department of Corrections ("SCDC"), alleges in his verified complaint[1] that on January 28, 2007 he went to the cafeteria during "chow time" when Defendant Lt. Michael Williams ("Williams") began "harassing him" over compliance with SCDC grooming standards. Plaintiff alleges that he and Williams got into a verbal disagreement, which

---

[1] In this circuit, verified complaints by pro se prisoners are considered affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).

resulted in Williams, along with Defendant Cpt. J Randall ("Randall"), forcefully removing Plaintiff from the cafeteria. Plaintiff alleges that he yelled for the officers to let him go, which they did, and that he was then escorted from the cafeteria without further incident.

As a result of the incident, Plaintiff was charged with inciting/creating a disturbance in violation of SCDC Policy. Plaintiff alleges that this charge was entered into the computer on January 30, 2007, but that he did not have his disciplinary hearing in front of Defendant Turner until February 21, 2007. Plaintiff alleges that this 22 day period between his charge being entered into the computer system and his disciplinary hearing violates SCDC Policy OP-22.14. Plaintiff further alleges that Randall, as well as Defendant correctional officers Tebo, Meredith, Lynch, and Samuel submitted "false statements" in support of the charge filed by Defendant Williams, which led to Plaintiff's subsequent punishments.

Plaintiff alleges that at the hearing he pointed out to Defendant Turner discrepancies and contradictions in the incident reports and witness statements, as well as violations of SCDC policy with respect to which officer is required to fill out the disciplinary forms. Plaintiff alleges that in spite of these arguments, Defendant Turner refused to dismiss the charges. Plaintiff alleges that he requested three witnesses to be present at the disciplinary hearing, but Defendant Turner denied his request "for no penological or justifiable reason." Plaintiff also alleges that he was improperly charged, and that his conduct on January 28, 2007 should be considered "failing to obey a direct order," rather than "inciting/creating a disturbance." Plaintiff alleges that even though Defendant Turner was fully aware that the wrong charge had been filed against Plaintiff, he refused to dismiss Plaintiff's case and found Plaintiff guilty "of this wrong charge."

Next, Plaintiff alleges that his conviction for inciting/creating a disturbance was wrongfully approved by Defendant Steven Claytor, because he "deliberately neglected the inconsistencies in all [the] incident reports." Defendant Richard Bazzle, the warden of the institution, also denied Plaintiff's "Step 1" appeal. Plaintiff alleges that his "Step 2" appeal was also denied by Defendant Robert E. Ward, who found that the evidence presented at the disciplinary hearing was sufficient to support Plaintiff's conviction. Plaintiff alleges that as a result of this "wrongful conviction," he was sanctioned with the loss of telephone, visitation, and canteen privileges; the loss of 39 days of good time; and 365 days in segregation. On August 6, 2008, however, Plaintiff's disciplinary conviction was overturned by a state administrative law judge because the Defendants failed to file the record on appeal or a brief with the court. Although Plaintiff's good time credits have been restored, Plaintiff alleges that he had already completed the other proscribed sanctions, and as a result, he seeks compensatory and punitive damages.

In an affidavit submitted in support of Defendants' motion for summary judgment, Defendant Williams attests that he was monitoring the serving line in the cafeteria on January 28, 2007 when he noticed Plaintiff was not in compliance with the SCDC grooming policy. He gave Plaintiff several directives to go back to his dorm and shave, but Plaintiff responded that he "wasn't going anywhere." When Plaintiff did not comply with his direct orders, he and Defendant Randall attempted to escort Plaintiff from the cafeteria. Defendant Williams attests that while he and Defendant Randall were attempting to cuff the Plaintiff, who was struggling, another inmate came up and hit him (Williams) above his left eye, causing it to bleed profusely. Defendant Williams attests that no further incident with Plaintiff occurred after he was secured and escorted by other officers.

Defendant Randall has also submitted an affidavit in support of Defendants' motion for summary judgement. Therein, Defendant Randall attests that on January 28, 2007 he noticed Plaintiff in the cafeteria in violation of the SCDC grooming policy. Defendant Randall attests that Plaintiff was being instructed by Defendant Williams to return to his dorm and shave, but that Plaintiff was arguing with Williams, holding up the line, and not obeying Defendant Williams' order. Defendant Randall approached Plaintiff and ordered him to return to his dorm, and when Plaintiff again refused, he and Defendant Williams placed their hands on Plaintiff's arms. Defendant Randall attests that another inmate suddenly stepped forward and hit Defendant Williams above his eye. Eventually, Plaintiff was cuffed and escorted out of the cafeteria, and into pre-hearing detention. According to Defendant Randall, no other incident involving the Plaintiff occurred and Defendant Williams was instructed to receive medial treatment for the cut above his left eye.

Defendant Tebo has also submitted an affidavit in support of the motion for summary judgment wherein she attests that on the date in question she observed Plaintiff being instructed by Defendant Randall to leave the cafeteria. Defendant Tebo attests that Plaintiff refused, and that after several direct orders, Defendants Randall and Williams attempted to secure Plaintiff's arms and escort him out of the cafeteria. During this time, another inmate lunged out of the line and punched Williams in the face with a closed fist, and Defendant Tebo attests that she assisted another officer in securing the inmate who struck Williams. Defendants Harold Simuel and Rocky Lynch have also submitted affidavits in support of the motion for summary judgment, each attesting that they saw Defendants Randall and Williams attempting to secure Plaintiff and escort him from the cafeteria when another inmate left the line and struck Defendant Williams above the left eye.

4

The Magistrate Judge recommends the court grant Defendants' motion for summary judgment. He found that Plaintiff's due process claims based on the conduct of his disciplinary proceedings should be dismissed because Plaintiff failed to present any documentary evidence supporting his due process claims other than the generally conclusory claim in his verified complaint. Also, in reference to Plaintiff's claim of assault and battery, the R&R recommends that the court dismiss the claims without prejudice because for lack of subject matter jurisdiction. Plaintiff's objections are now before the court.

**STANDARD OF REVIEW**

**I. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.*

**II. Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini*

*Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)).

Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327. The court remains mindful that Plaintiff and Defendants are *pro se* petitioners, and therefore, their pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **ANALYSIS OF PLAINTIFF'S OBJECTIONS**

In his objections, Plaintiff argues that the Magistrate Judge makes an impermissible credibility determination of the evidence by concluding that he was not denied the right to call three witnesses or the right to cross-examine witnesses at his disciplinary hearing, as he alleges in his complaint. While, "[a]n inmate facing disciplinary proceedings has the qualified right 'to call

witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals,' . . . inmates are not entitled to confront the witnesses against them." *Brown v. Braxton*, 373 F.3d 501, 504–05 (4th Cir. 2004) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 566–67 (1974)). Since Plaintiff does not have a guaranteed constitutional right to confront witnesses, the court only addresses Plaintiff's claim that he was denied the right to call witnesses. With respect to this claim, the Magistrate Judge found that the evidence does not support Plaintiff's contention, as Disciplinary Hearing Officer Turner denied prohibiting Plaintiff from calling any witnesses and the Disciplinary Report and Hearing Record does not indicate that any witnesses, documentation, or evidence was excluded from the hearing. (R&R at 9–10.) In his objections, Plaintiff indicates that he did submit a request for witnesses to Disciplinary Hearing Officer Turner prior to his disciplinary hearing, yet Turner failed to indicate on his hearing record why he denied Plaintiff his right to call witnesses. After reviewing the record, the court adopts the Magistrate Judge's recommendation on this point.

Part of the problem with Plaintiff's argument is that he incorrectly believes the court must assume his allegations to be true at this stage of the proceedings. Instead of accepting Plaintiff's allegations as true, the court only has to view the evidence in a light most favorable to Plaintiff. After reviewing the evidence in that manner, the court agrees with the Magistrate Judge that nothing besides Plaintiff's self-serving statement supports a finding that he notified Officer Turner of his desire to call three witnesses 24 hours prior to his hearing. The most telling evidence of record is the Disciplinary Report and Hearing Record form, which documents the events and outcome of Plaintiff's hearing and which Plaintiff received and signed at the conclusion of his hearing. The form provides space specifically for the disciplinary hearing officer to indicate if any witnesses,

7

documentation, or evidence was excluded from the hearing or if the inmate was denied cross-examination of a witness; yet, there is no mention of any witnesses being excluded from the hearing or Plaintiff being denied the right to cross-examine any witnesses. In this space, Officer Turner only indicated Plaintiff's desire not to have counsel substitute at the hearing, and the court finds it hard to believe that Plaintiff would have signed this final hearing record if it inaccurately reflected the events of his hearing.

Plaintiff also asserts that he requested the witnesses at the hearing and that a transcript of his disciplinary hearing would corroborate this point. It does not appear that Defendants contest Plaintiff's assertion because in their memorandum in support for summary judgment they argue that Plaintiff was aware he had to ask for witnesses at least 24 hours prior to his hearing but that he failed to do so. Because the SCDC's disciplinary hearing policies require Plaintiff to provide such 24 hour notice, a finding that he did request witnesses at the hearing would not help Plaintiff overcome Defendants' motion for summary judgment on this claim. Without showing more to prove that he acted in accordance with the SCDC policy requiring witnesses to be requested 24 hours prior to the hearing, Plaintiff cannot establish a cognizable due process claim. *See Sylvia Dev. Corp. v. Calvert County, MD.*, 48 F.3d 810, 818 (4th Cir. 1995) ("Permissible inferences must still be within the range of reasonable probability, however, and it is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture.") (internal quotation omitted).

Plaintiff also claims that the Defendants violated his due process rights by wrongfully convicting him of inciting/creating a disturbance by submitting false affidavits and relying on inconsistent and incomplete reports. The court disagrees. As the Magistrate Judge instructed, an

8

inmate is entitled to only a minimal standard of due process in a disciplinary setting, and the following requirements are sufficient to satisfy this minimal standard: (1) advance written notice of the charges; (2) a written statement, citing the evidence on which the hearing officer relied and the reason for the action taken; and (3) the right by the inmate defendant to call witnesses and present documentary evidence, if institutional safety will not be jeopardized. *Wolff v. McDonnell*, 418 U.S. 539, 563–576 (1974); *see also Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985). The evidence shows that Plaintiff was given advanced written notice of the charge, as evidenced by his own signature, and that a disciplinary hearing was held, in which Plaintiff was present and testimony was received. Furthermore, hearing officer Turner found Plaintiff guilty of the charge and explained the reasons for his findings, and Plaintiff was provided with a copy of the decision. Thus, as determined by the Magistrate Judge, the documentary evidence provides no support for Plaintiff's general and conclusory allegations in his complaint that his due process rights were violated. The United States Supreme Court has instructed that district courts should find the requirements of due process satisfied if some evidence supports the decision by the prison disciplinary board. *Hill*, 472 U.S. at 455. In determining whether this standard is satisfied, the court is not required to conduct an examination of the entire record, make an independent assessment of the credibility of the witnesses, or weigh the evidence. *Id.* at 456. Instead, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* After reviewing the facts of Plaintiff's case, the court concludes that the evidence before the hearing officer was sufficient to meet the requirements imposed by the Due Process Clause. Therefore, the court grants Defendants' motion for summary judgment as to this matter.

In his objections, Plaintiff also claims that the Magistrate Judge failed to rule on his 8th Amendment claim. In his complaint, Plaintiff asserts he was "subject to cruel and unusual punishment," (Compl. ¶ 35), which violates "the 8th Amendment by refusing to correct the DHO R.L. Turner's wrongful conviction which would have prevented [Plaintiff] from doing 365 days in punitive detention." (*Id.* ¶ 36.) Based on a reading of Plaintiff's complaint, it does not appear that he asserts a claim for cruel and unusual punishment; rather, he claims that the court should consider the punishment he faced in determining the damages to be awarded him for any due process violations found to have occurred. In other words, Defendant has not alleged that the punishment itself was cruel and unusual, only that the wrongful conviction caused him to be punished when he should not have been. Since the court grants Defendants' motion for summary judgment as to Plaintiff's due process claims, it does not need to address any alleged damages associated with that claim. To the extent Plaintiff might have asserted a claim for cruel and unusual punishment based on the fact that his "punitive detention" was 365 days, the Fourth Circuit has stated that "[t]he duration of an inmate's stay in segregation is not controlling on the issue of cruel and unusual punishment, even when that duration is quite long." *Ross v. Reed*, 719 F.2d 689, 697 (4th Cir. 1983) (citation omitted). Since housing in a segregation unit is not per se cruel and unusual punishment and the only factor Plaintiff asserts that might support such a claim is its duration, the court grants Defendants' motion for summary judgment as to any Eighth Amendment claim alleged as well. *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) ("Segregation is one of the conditions of confinement typically contemplated when a person receives a prison sentence; therefore, it is neither cruel and unusual, nor is it a violation of due process.").

Plaintiff also appears to complain that his disciplinary hearing was held 22 days after his charge was entered into the offender management system in violation of a SCDC policy that requires the officers to hold the hearing 21 days after the charge is entered into the system. Since an allegation that an SCDC defendant failed to follow the institution's policies or procedures, standing alone, does not amount to a constitutional violation, the court grants Defendants' motion for summary judgment as to this claim. *See United States v. Caceres*, 440 U.S. 741 (1978); *see also Riccio v. County of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); *Keeler*, 782 F. Supp. at 44 (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

Next, Plaintiff objects to the fact that page nine of his complaint is missing from the court's records, and he believes he was prejudiced by the fact that the Magistrate Judge issued an R&R concerning Defendant's motion for summary judgment without having a chance to review the contents of that page. After reviewing the contents of the pages prior to and following where page nine would have been in Plaintiff's complaint, the court finds that Plaintiff is not prejudiced by its absence, as the remainder of Plaintiff's complaint sufficiently notifies both the court and the Defendants of his claims. Moreover, Plaintiff had an opportunity to respond to Defendants' motion for summary judgment and could have presented any information absent from his complaint to the Magistrate Judge at that time.

Lastly, Plaintiff objects to the Magistrate's recommendation that the court dismiss without prejudice his state law causes of action for assault and battery against Defendants Williams and Randall, as well as any other state law claims the Magistrate Judge failed to address. While Plaintiff

correctly asserts that courts may generally exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367, the court may also decline to exercise supplemental jurisdiction if it has dismissed all of the claims for which it had original subject matter jurisdiction. 28 U.S.C. § 1367(c)(3). Since the court grants Defendants' motion for summary judgment as to Plaintiff's § 1983 claims, the case no longer consists of claims for which it has original subject matter jurisdiction, and the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c)(3). Of course, by dismissing Plaintiff's state law causes of action without prejudice, Plaintiff may pursue those claims in state court, if he so chooses.

## CONCLUSION

Based on the foregoing, the court **GRANTS** Defendants' Motion for Summary Judgment and **DISMISSES** without prejudice any remaining state law claims. Because the court grants Defendants' motion for summary judgment, it finds Plaintiff's motion for injunctive relief **MOOT.**

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**March 4, 2010**
**Charleston, SC**

12